IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| Claudine Minogue, | Case No. 19-31635<br>Hon. A. Benjamin Goldgar |
| Debtor. | |

**OBJECTION OF CREDITOR, DUSSIAS WITTENBERG KOENIGSBERGER, LLP, TO CHAPTER 13 PLAN**

Dussias Wittenberg Koenigsberger, LLP ("DWK"), creditor and claimant in the above proceeding, hereby objects to the proposed Chapter 13 Plan (the "Plan") filed by the above-captioned Debtor, Claudine Minogue ("Debtor"), and in support thereof respectfully states as follows:

1. On April 9, 2018, the Honorable David B. Atkins issued an order finding the Debtor liable for breaching her contract with DWK. *See* Exhibit A to DWK Amended Proof of Claim, filed Dec. 26, 2019.

2. On November 5, 2018, Judge Atkins found that the Debtor was specifically liable for damages in the amount of $81,742.23 as of April 9, 2018, and that per statute, the amount began accruing post-judgment interest as of April 9, 2018. *See* Exhibit B to DWK Amended Proof of Claim, filed Dec. 26, 2019.

3. On November 14, 2018, DWK served Debtor with a Citation to Discover Assets, securing its lien against Debtor's personal property. *See* Exhibit F to DWK Amended Proof of Claim, filed Dec. 26, 2019.

4. On October 18, 2019, DWK recorded and secured its judgment lien against Debtor's Northbrook, Illinois real estate property. *See* Exhibit D to DWK Amended Proof of

1

Claim, filed Dec. 26, 2019. On October 30, 2019, DWK recorded and secured its judgment lien against Debtor's Wauconda, Illinois real estate property. *See* Exhibit C to DWK Amended Proof of Claim, filed Dec. 26, 2019.

5. On November 6, 2019, Debtor filed her Petition for Chapter 13 Bankruptcy. The Petition mistakenly listed DWK as an unsecured creditor, and further, mistakenly calculated the judgment at $81,72.23, not including any of the interest accrued since April 9, 2018.

6. On November 6 (and then again on November 9), 2019, Debtor filed her Chapter 13 Plan. The Plan again mistakenly omitted DWK's claim in the secured claims section.

7. Section 1325(a) of the Bankruptcy code provides for the circumstances under which a court shall confirm a plan. 11 U.S.C.A. § 1325(a) (West). Under sub-section (5), a Chapter 13 plan may not be confirmed unless:

> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
>
> (5) with respect to each allowed secured claim provided for by the plan—
>
>> (A) the holder of such claim has accepted the plan;
>>
>> (B)(i) the plan provides that--
>>
>>> (I) the holder of such claim retain the lien securing such claim until the earlier of--
>>>
>>>> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>>>>
>>>> (bb) discharge under section 1328; and
>>>
>>> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>>
>> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

      (iii) if--

           (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

           (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

      (C) the debtor surrenders the property securing such claim to such holder;

8.    It is unclear from the filing whether Chapter 7 bankruptcy would better allow for complete payment of DWK's claim, including the accrued interest. Moreover, the Plan's omission of DWK's claim, and its failure to recognize an existing secured claim and existing liens on Debtor's real and personal property, are material defects which necessitate denial of confirmation of this Plan. The Plan does not comport with DWK's Amended Proof of Claim, and is not accepted by the holder of the claim. Lastly, the Plan does not adequately protect DWK's secured interest in the collateral, and thus it cannot be confirmed under Section 1325(a) of the Bankruptcy Code.

WHEREFORE, for the foregoing reasons, Dussias Wittenberg Koenigsberger, LLP respectfully requests that confirmation of the proposed plan be denied.

Date: December 30, 2019             Respectfully submitted,

            By:   <u>Samantha N. Ditore</u>
            *Attorney for Creditor,*
            *Dussias Wittenberg Koenigsberger, LLP*

Samantha N. Ditore
Atty No. 6316889
ELLIS LEGAL P.C.
200 W. Madison St., Suite 2670
Chicago, Illinois 60606
P: (312) 767-5325
sditore@ellislegal.com

## Certificate of Service

I, Samantha N. Ditore, an attorney, hereby certify that on December 30, 2019, I caused a true and correct copy of the foregoing **OBJECTION OF CREDITOR, DUSSIAS WITTENBERG KOENIGSBERGER, LLP, TO CHAPTER 13 PLAN** to be filed and served electronically on all counsels of record via the court's CM/ECF system. This objection was further served on the Debtor on December 30, 2019, by depositing the document in the U.S. Mail at 200 W. Madison St., Chicago, Illinois, postage prepaid, to the below address.

Claudine Minogue
219 Sky Hill Road
Wauconda, Illinois 60084

/s/ Samantha N. Ditore

Samantha N. Ditore
Atty No. 6316889
ELLIS LEGAL P.C.
200 W. Madison St., Suite 2670
Chicago, Illinois 60606
P: (312) 767-5325
sditore@ellislegal.com